This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38189

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**MARK MARSHALL,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Emilio J. Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from the revocation of his probation. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, including an argument we construe as a motion to amend the docketing statement, which we deny. Having duly considered Defendant's arguments, we remain unpersuaded and affirm.

**{2}** Defendant devotes a substantial portion of his memorandum in opposition to asserting that *State v. Guthrie*, 2011-NMSC-014, 150 N.M. 84, 257 P.3d 904, is relevant to the issues on appeal and that in this case "there was no reason for the district court

to have dispensed with confrontation requirements." [MIO 3-4, 6-7] Because this issue was not raised in Defendant's docketing statement, we construe its inclusion in the memorandum in opposition as a motion to amend the docketing statement. *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon "good cause shown"); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement). The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion to amend be timely, (2) that the new issue sought to be raised was either (a) properly preserved below, or (b) allowed to be raised for the first time on appeal, and (3) that the issues raised are viable. *State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. Given the absence of an explanation as to why this argument was not originally made in his docketing statement, and without a showing of just cause for not raising it originally, we are not persuaded that this issue is viable. *See Rael*, 1983-NMCA-081, ¶ 15; *see also Moore*, 1989-NMCA-073, ¶ 44. We therefore deny Defendant's motion to amend the docketing statement. *See Rael*, 1983-NMCA-081, ¶ 7 (stating that "allowance of an amendment to the initial docketing statement is discretionary with the appellate court on appeal" and that "we look with disfavor upon the addition of issues not raised in the docketing statement").

{3}     Defendant continues to argue that the evidence does not prove, to a reasonable certainty, that he violated his probation. [MIO 4-7] In our calendar notice, we proposed to conclude witness testimony that Defendant failed to report for drug and alcohol screening as instructed and was arrested on new charges was sufficient to support the district court's decision. [CN 2] In his memorandum in opposition, Defendant maintains the evidence is insufficient because the testimony "appears to have contained much second-hand information, particularly statements made by others to testifying law enforcement officers." [MIO 5-6] However, Defendant acknowledges that one officer testified based on first-hand knowledge that he sought to apprehend Defendant in order to execute an arrest warrant and that Defendant ran from him. [MIO 6] We also note that hearsay testimony is not generally prohibited at probation revocation hearings. *See* Rule 11-1101(D)(3)(d) NMRA (providing that the Rules of Evidence do not apply in proceedings to revoke probation). We understand Defendant's remaining contentions regarding the reliability of witness testimony to be grounded in a claim that Defendant was unable to confront witnesses. [MIO 6-7] For the reasons discussed above, we decline to consider this issue.

{4}     Defendant also briefly reasserts that his probation should not have been revoked for a first violation and that the sentence imposed constitutes cruel and unusual punishment. [MIO 4-5] However, Defendant does not assert any facts, law, or argument in his memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous on either of these issues. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement),

*superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{5}** Lastly, we note that Defendant requests, as an alternative to reversing the revocation of his probation, that we reassign this matter to "the general calendar so that the complete record may better display the totality of the circumstances giving rise to the district court's findings" specifically in regard to "whether confrontation was necessary[.]" [MIO 6-7] We reject Defendant's request for reassignment to the general calendar. *See State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 ("[R]eassignment to a nonsummary calendar would serve no purpose other than to allow appellate counsel to pick through the record. It has long been recognized by this court that the appellate rules do not allow appellate counsel to pick through the record for possible error.").

**{6}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

**{7}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**